[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11713
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00453-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ANTONIO HOOD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 8, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Sergio Antonio Hood appeals his total 94-

month sentence on three counts of distribution of methylene-methylamphetamine,

in violation of 21 U.S.C. § 841(a)(1), (b)(1(C) and 18 U.S.C. § 2, and two counts of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Hood argues that the district court incorrectly applied a four-level firearms enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(B).  After review, we affirm.[1]

Under U.S.S.G. § 2K2.1, if the offense involved 3 to 7 firearms, the offense level is increased by two levels, and if the offense involved 8 to 24 firearms, the offense level is increased by four levels.  U.S.S.G. § 2K2.1(b)(1)(A) & (B).  "For purposes of calculating the number of firearms," the district court counts "only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed . . . ."  Id. § 2K2.1, cmt. n.5.

At sentencing, Defendant Hood admitted he actually possessed four firearms.  On appeal, Hood maintains that the government failed to prove he possessed more than these four firearms, and thus he should have received only the two-level firearms enhancement under § 2K2.1(b)(1)(A).

Possession of a firearm may be either actual or constructive.  United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011).  To demonstrate constructive possession, the government must show that the defendant: (1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise

---

[1]We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error.  United States v. Demarest, 570 F.3d 1232, 1239 (11th Cir. 2009).

2

dominion and control over that firearm.  Id.  The second element of constructive possession is satisfied if the defendant intended to exercise dominion and control of the gun through another.  Id.; see also United States v. Virciglio, 441 F.2d 1295, 1298 (5th Cir. 1971) (finding ample evidence to support a jury's finding of constructive possession where defendant planned the sale of the gun and received the money for its purchase).[2]

Here, undisputed factual allegations in Hood's Presentence Investigation Report ("PSI") established that Defendant Hood, a convicted felon, facilitated the sale of a total of eleven firearms to a confidential source ("CS") and an undercover detective ("UC").  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (explaining that undisputed facts in the PSI are admitted for sentencing purposes).  Specifically, on seven different days in March and April 2011, Hood contacted the CS and the UC and arranged to sell them one or more firearms. During these firearms transactions, the CS and the UC met with Hood and another person.  While the other person handed the firearm to the UC and the CS, Hood accepted the payment from the CS and the UC.  Hood often referred to these individuals who handed over the firearms as his "boys."

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decision of the former Fifth Circuit decided prior to October 1, 1981.

Based on these undisputed facts, the district court found that Defendant Hood constructively possessed, and thus unlawfully distributed, the seven firearms delivered by his "boys" to the firearms transactions. Those seven, plus the four Hood admitted actually possessing, brought him over the eight firearm threshold under § 2K2.1(b)(1)(B). Further, the district court's finding of constructive possession is not clear error. Contrary to Hood's contention, he was not merely present at these firearms transactions. Hood arranged all the firearms transactions and accepted the money for the firearms, which is sufficient to show constructive possession. See Virciglio, 441 F.2d at 1298. Accordingly, the district court did not err in counting all eleven firearms and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(1)(B).

**AFFIRMED.**